
# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

**UNITED STATES OF AMERICA**

v.

**ANOUCE TOUSSAINT**

Case Number: **2:15-cr-99-FtM-38MRM**

USM Number: **63274-018**

**Douglas Molloy, Retained**
**1411 Bayview Ct.**
**Ft Myers, FL 33901**

## JUDGMENT IN A CRIMINAL CASE

The defendant pleaded guilty to Counts One and Two of the Indictment. The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
| --- | --- | --- | --- |
| 18 U.S.C. § 1349 | Conspiracy to Commit Mail Fraud | February 2015 | One |
| 18 U.S.C. § 1956(h) | Conspiracy to Commit Money Laundering | February 2015 | Two |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984. The sentence is imposed pursuant to the Sentencing Reform Act of 1984, as modified by United States v. Booker, 543 US 220 (2005).

**IT IS ORDERED** that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Judgment:

January 9, 2017

_/s/ Sheri Polster Chappell_
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

January **12**, 2017

Anouce Toussaint
2:15-cr-99-FtM-38MRM

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **18 months, each count concurrent.**

**The Court makes the following recommendations as to incarceration:**

**The Court recommends to the Bureau of Prisons that the defendant participate in the Institution Hearing Program of the Federal Bureau of Prisons to determine his removal status while incarcerated.**

**The defendant is remanded to the custody of the United States Marshal.**

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By: _____
Deputy U.S. Marshal

AO 245B (Rev. 11/16) Judgment in a Criminal Case

**Anouce Toussaint**
**2:15-cr-99-FtM-38MRM**

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of **3 years, each count concurrent**.

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse.
4. You must cooperate in the collection of DNA as directed by the probation officer.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

The defendant shall also comply with the additional conditions on the attached page.

Anouce Toussaint
2:15-cr-99-FtM-38MRM

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame. After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when the defendant must report to the probation officer, and the defendant must report to the probation officer as instructed.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within **72 hours**.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.


Defendant's Signature:_____   Date:_____


AO 245B (Rev. 11/16) Judgment in a Criminal Case

**Anouce Toussaint**
**2:15-cr-99-FtM-38MRM**

# ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

1. You shall provide the probation officer access to any requested financial information.

2. If the defendant's removal status is not resolved while he is incarcerated, then pursuant to 18 U.S.C. §3583(d), the defendant is to be delivered, upon release from imprisonment, to a duly authorized immigration official to determine if deportation is appropriate. Should deportation be ordered, the defendant is to remain outside the United States, unless authorized by the Secretary for the Department of Homeland Security or the appropriate immigration authority.

3. The defendant shall cooperate in the collection of DNA, as directed by the Probation Officer.

4. The mandatory drug testing requirements of the Violent Crime Control Act are waived.

**AO 245B (Rev. 11/16) Judgment in a Criminal Case**

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments set forth in the Schedule of Payments.

|  | Assessment | JVTA Assessment [1] | Fine | Restitution |
|---|---|---|---|---|
| **TOTALS** | $200.00 | $0.00 | $0 | $270,329.92 |

The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Victim Name | Amount of Loss |
|---|---|
| 21st Century | $2,473.90 |
| Allstate | $14,522.77 |
| Direct General | $15,089.99 |
| Esurance | $2,203.26 |
| Fajua | $5,150.00 |
| Foremost | $8,786.55 |
| Geico | $55,104.55 |
| Infinity | $9,900.00 |
| Nationwide | $6,793.43 |
| Peachtree | $6,196.44 |
| Progressive | $12,054.47 |
| Safeco | $1,388.86 |
| Security National | $1,393.34 |
| State Farm | $122,579.53 |
| Windhaven | $6,732.83 |
| **Total** | **$270,329.92** |

## SCHEDULE OF PAYMENTS

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

---

[1] Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 11/16) Judgment in a Criminal Case

Anouce Toussaint
2:15-cr-99-FtM-38MRM

## **Joint and Several**

Restitution shall be paid jointly and severally with Nesly Loute and Wisler Cyrius.

## FORFEITURE

Defendant shall forfeit to the United States those assets previously identified in the Forfeiture Money Judgment (Doc. #107), that are subject to forfeiture, including monies in the amount of $270,229.00 representing the proceeds obtained as a result of the conspiracy to commit mail fraud and $127,200.00 representing the property involved in the money laundering conspiracy.

\*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B (Rev. 11/16) Judgment in a Criminal Case